UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY BERNARD SMITH, JR., | No. 2:15-cv-0867 TLN DB P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| COUNTY OF SACRAMENTO, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983. On June 7, 2016, defendants County of Sacramento and Scott Jones filed a motion to dismiss. Plaintiff has failed to file an opposition to the motion to dismiss, despite being given numerous opportunities to do so. Therefore, the undersigned recommends dismissal of this action without prejudice.

On March 18, 2016, the court found service of the complaint appropriate on defendants County of Sacramento, Scott Jones, and Dave Clements. On June 7, 2016, defendants County of Sacramento and Scott Jones filed a motion to dismiss.[1]  (ECF No. 13.)  On July 11 and August 22, 2016, plaintiff requested extensions of time to file an opposition to the motion. The court

---

[1] Only recently did plaintiff provide information for service of process on defendant Clements. An order directing the U.S. Marshal to serve Mr. Clements was issued on December 7, 2016. (ECF No. 26.)

1

granted both of plaintiff's requests.  (ECF Nos. 16, 20.)   In the second order, plaintiff was advised that no further extensions of time would be granted.  (ECF No. 20.)   When plaintiff failed to file an opposition by the September 28, 2016 deadline, on October 18 the court issued an order to show cause why this case should not be dismissed.  (ECF No. 23.)  In that October 18 order, plaintiff was reminded that in April 2016 he was advised of Local Rule 230(l), which provides that the failure to oppose a motion may be deemed a waiver of opposition to that motion.  (Id. (citing Apr. 4, 2016 Order).)  Plaintiff was warned that Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  (Id.)

On November 16, 2016, plaintiff filed a response to the order to show cause.  In an order filed November 28, 2016, the court found good cause for plaintiff's failure to file a timely opposition to the motion to dismiss.  (ECF No. 26.)  Plaintiff was informed that he would be given one final chance to file an opposition.  He was warned that his failure to file a timely opposition, within thirty days, "will result in a recommendation that this case be dismissed without prejudice."  (Id.)

Plaintiff was served with a copy of the motion to dismiss seven months ago.  He has been given three extensions of time to file his opposition, but has failed to do so.

Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action "for failure to comply with any order of the court."  Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992).  In Ferdik, the Ninth Circuit Court of Appeals held that the district court did not abuse its discretion when it dismissed a pro se litigant's civil rights action for failing to file an amended complaint.  The court explained that, in deciding whether to dismiss a case for a litigant's failure to comply with a court order, the district court must weigh five factors:  "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives."  Id. at 1260-61 (quoting Thompson v. Hous. Auth. of City of Los Angeles, 782 F.3d 829, 831 (9th Cir. 1986)).

////

In this case, the first two factors as well as the fifth factor cited by the court in Ferdik strongly support dismissal of this action. This case has been pending before the court since April 22, 2015, and defendants filed their motion to dismiss months ago.  Plaintiff's repeated failure to comply with court orders and the Local Rules strongly suggests that further time spent by the court on this case will consume scarce judicial resources in addressing litigation which plaintiff has demonstrated he has no intention to diligently pursue.  Notably, the court has warned plaintiff that his failure to file his opposition would result in a recommendation that this action be dismissed.  In short, plaintiff's refusal to follow the court's orders has made it impossible for this civil action to be adjudicated by the court.  Therefore, the undersigned is left with no choice but to recommend dismissal of this action.

The third factor, the risk of prejudice to the defendants, also weighs in favor of dismissal. Plaintiff's failure to oppose defendants' motion unnecessarily delays resolution of this action thereby forcing defendants to incur additional time and expense.  See In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994) ("When considering prejudice to the defendant, 'the failure to prosecute diligently is sufficient by itself to justify dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure …. The law presumes injury from unreasonable delay.'") (quoting Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976)).

Finally, the fourth factor, public policy favoring disposition of cases on the merits, weighs against dismissal of this action.  However, for the reasons set forth above, the first, second, third, and fifth factors support dismissal.  Under the circumstances of this case, those factors outweigh the general public policy favoring disposition of cases on their merits.

For the foregoing reasons, IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 13, 2017

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/Smit0867.nooppo fr